```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------x

JOHN DOE,

            Plaintiff,

      -against-                           20-CV-3461(EK)(RML)

ROBYN FENTY,

            Defendant.

----------------------------------x       MEMORANDUM & ORDER

JOHN DOE,

            Plaintiff,

      -against-                           20-CV-4069(EK)(RML)

AUBREY GRAHAM,

            Defendant.

----------------------------------x
```

ERIC KOMITEE, United States District Judge:

Plaintiff "John Doe" recently filed two actions in this Court against two recording artists: Robyn Fenty (Rhianna) and Aubrey Graham (Drake). The complaints are similar, and this Order addresses them together. The Court is compelled to dismiss these cases for the reasons set forth below.

**I.**

Plaintiff alleges that artists in the music industry — including defendants Fenty and Graham — accessed "leaked" files related to his music project, named "Lowkey"; stole his ideas;

and sought to "eliminate" him from the industry and keep him "quiet about these claims" through "manipulation tactics" and "intimidation." *Fenty*, Compl. at 5, ECF No. 1; *Graham*, Compl. at 5, ECF No. 1.  Against defendant Fenty, Plaintiff alleges among other things that her song "FourFiveSeconds" sends "subliminal messages about [his] situation and you can hear [his] name" therein.  *Fenty*, Compl. at 5.  Against defendant Graham, Plaintiff alleges that the album "What a Time to be Alive" was released on Plaintiff's birthday "as a power move on this 'Lowkey' narrative" and that defendant Graham's song "30 for 30 Freestyle" explained how musicians "teamed up as a collective to eliminate [Plaintiff] as the competition." *Graham*, Compl. at 5.

Plaintiff brings these complaints under diversity jurisdiction for alleged intellectual property infringement and intentional inflection of emotional distress.  *Fenty*, Compl.; *Graham*, Compl.  In each action, Plaintiff seeks damages for pain and suffering.  *Fenty*, Compl. at 6; *Graham*, Compl. at 6.

**II.**

A complaint must plead enough facts to "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  At the pleadings stage, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint.

2

*Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).  The Court reads Plaintiff's *pro se* complaints liberally, holding them to less stringent standards than a formal pleading drafted by a lawyer.  *Erickson v. Pardus*, 551 U.S. 89 (2007).

A district court must dismiss a case on its own initiative, however, if it determines that the action is frivolous or that the court lacks jurisdiction over the matter, regardless of whether the *pro se* Plaintiff has paid the filing fee.  *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000).  An action is frivolous "when either: (1) the factual contentions are clearly baseless . . . or (2) the claim is based on an indisputably meritless legal theory."  *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotations omitted); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) ("a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible").

As described above, both complaints are premised on allegations that the music industry is conspiring against Plaintiff and that defendants Fenty and Graham sent subliminal messages through their songs.  The Court finds that these

3

allegations must be dismissed as factually and legally frivolous under *Livingston*, 141 F.3d at 437.

The Court has considered affording Plaintiff an opportunity to amend the complaint. However, because the deficiencies in the complaint are not such that could be cured by amendment, the Court concludes that it would be futile to grant leave to amend. *See O'Hara v. Weeks Marine, Inc.*, 294 F.3d 55, 69 (2d Cir. 2002) (holding that "a district court may deny leave to amend the complaint if the amendment would be futile").

Plaintiff also requests to seal the complaint against defendant Fenty. *Fenty*, ECF No. 2. This request is denied, as Plaintiff remains unidentified (despite Plaintiff not filing a motion to proceed anonymously) and has not met the high standard for sealing court documents. *See, e.g.*, *In re Orion Pictures Corp.*, 21 F.3d 24, 26 (2d Cir. 1994) (explaining that there is "a strong presumption of public access to court records" and "a judge must carefully and skeptically review sealing requests to insure that there really is an extraordinary circumstance or compelling need").

**III.**

For the reasons set forth above, the complaints in *Doe v. Fenty* (20-CV-3461) and *Doe v. Graham* (20-CV-4069) are dismissed. Plaintiff's motion in *Doe v. Fenty* to file the

4

complaint under seal is denied. The Clerk of Court is respectfully requested to send a copy of this Memorandum and Order to Plaintiff, enter judgment, and close these cases.

In the event that Plaintiff elects to proceed *in forma pauperis* on appeal from this Order, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any such appeal would not be taken in good faith and therefore denies *in forma pauperis* status. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

    /s Eric Komitee_____
ERIC KOMITEE
United States District Judge

Dated:    Brooklyn, New York
         October 16, 2020

5